RECEIVED
IN LAKE CHARLES, LA
APR -3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RICHARD D. PAGE-BEY**<br>**FED. REG. #22188-044**<br>VS. | **CIVIL ACTION NO. 08-1862**<br><br>**SECTION P**<br><br>**JUDGE TRIMBLE** |
| **JOE YOUNG, WARDEN** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Richard D. Page-Bey filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on November 24, 2008. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO) and by this action he attacks his 1990 convictions in the United States District Court for the Western District of Missouri for conspiring to distribute crack cocaine and heroin. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Petitioner was convicted of conspiracy to distribute cocaine base and heroin following trial by jury in the United States District Court for the Western District of Missouri. He was sentenced to serve 25 years in the custody of the Bureau of Prisons (BOP). His conviction was affirmed on direct appeal to the United States Eighth Circuit Court of Appeals. *United States v. Page-Bey*, 960 F.2d 724 (8th Cir. 1992). His motion to vacate pursuant to 28 U.S.C. § 2255 was denied by the District Court in 1998. *Page-Bay v. United States*, Civil Action No. 4:97-cv-00606 (U.S. District

Court, Western District of Missouri).

Petitioner, who is now incarcerated at the FCIO filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 on November 24, 2008. Petitioner claims that his detention is unlawful and violates the Fifth and Eighth Amendments because he is being deprived of his liberty without due process and subjected to cruel and unusual punishment. Doc. 1, at 4. In support of these claims he argues that he is not guilty of the charges of conviction because the substances he was charged with conspiring to distribute were vitamin compounds and not controlled dangerous substances.

### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Petitioner seeks to collaterally attack his conviction arguing actual innocence. Thus, petitioner's claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2)

2

his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED and DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following**

3

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lake Charles, Louisiana, _____April 2_____, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE